[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Allstate Insurance Company, has filed motion #126 to strike the third count of the operative complaint. This count involves a claim by a policy holder that the defendant has failed to process a claim by her husband for uninsured motorist (UM) benefits in good faith. A motion to strike is authorized by Practice Book § 10-39 in order to contest the "legal sufficiency" of a complaint "to state a claim upon which relief can be granted."
The plaintiff, Luis A. Fontanez, was involved in a motor vehicle accident with an allegedly uninsured driver. Mr. Fontanez is a covered insured as a "resident relative" under a policy issued by the defendant to his wife, the plaintiff, Lettys Fontanez. In count one of the complaint, Mr. Fontanez brought an uninsured motorist claim against the defendant. Mr. Fontanez added a second count that the defendant had breached the "implied covenant of good faith and fair dealing" by its alleged failure to enter into good faith negotiations and to "pay just compensation for the injuries" he sustained. Mrs. Fontanez brought a third count, which is the subject of this motion to strike, claiming, as did Mr. Fontanez, that the defendant was refusing to enter into "good faith settlement discussions and pay just compensation for the injuries" suffered by her husband.
The motion to strike claims that although Mrs. Fontanez is the policyholder, she does not have standing to pursue a bad faith claim against the defendant insurer based on injuries sustained by her husband. The defendant argues that Mrs. Fontanez, who was not involved in the accident with the uninsured driver, has not sustained any loss or damage by reason of the defendant's alleged failure to act in good faith in settling a claim by someone other than herself. This claim of bad faith is the subject, as noted previously, of the second count of Mr. Fontanez' action.
The plaintiff, Mrs. Fontanez, contends that she is the policy holder and has paid premiums to the defendant which has not acted in good faith in processing the UM claim submitted by her husband. This plaintiff claims she has been injured because she has lost the benefit of this coverage. CT Page 3112
Neither party has referred to any case presenting this precise issue, but the court's reaction is that the motion to strike should be granted on the basis of lack of standing because Mrs. Fontanez has not suffered any direct loss by reason of the defendant's alleged failure to process her husband's claim for UM coverage. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Nationwide MutualInsurance Co. v. Pasion, 219 Conn. 764, 768, 594 A.2d 468 (1991). Moreover, this issue of good faith will be completely adjudicated in the first two counts of the pending complaint.
The motion to strike count three is granted.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of February 2001.
William B. Lewis, Judge